**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW J. MARCUS, TECH POWER INC., JOHN D. BRINER, and METROWEST LAW CORP.,**<br><br>**Defendants.** | **Civil Action No: 15-cv-03307**<br><br>**Judge Milton I. Shadur** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION AGAINST MATTHEW J. MARCUS AND TECH POWER INC.**

On April 14, 2015, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Doc. 1) against Defendants Matthew J. Marcus ("Marcus"), John D. Briner ("Briner"), MetroWest Law Corporation ("MetroWest") and Tech Power Inc. ("Tech Power") seeking injunctive and other equitable relief for violations of Section 4c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 6c(a) (2012), and Commission Regulation ("Regulation") 1.38(a), 17 C.F.R. § 1.38(a) (2014). On April 16, 2015, this Court entered an *Ex Parte* Statutory Restraining Order against all Defendants. (Doc. 15). On April 28, 2015, the Court extended the Statutory Restraining Order to May 12, 2015. (Doc. 21).

Defendants Marcus and Tech Power, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction ("Consent Order"), except as to jurisdiction and venue, which they admit, hereby consent to the entry of this Consent

Order. Marcus and Tech Power further state that their consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over Defendants Marcus and Tech Power and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a temporary injunction against Defendants Marcus and Tech Power.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. The parties to this Consent Order waive the entry of findings of facts and conclusions of law for purposes of this Consent Order pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, meta data, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in your actual or constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

6. "Defendants" refers to Defendants Marcus and Tech Power, and all persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

7. "Trading and Associated Accounts" refers to a futures trading account held at Interactive Brokers, account number XXXX0560 in the name of Tech Power, Inc., as well as any other of Marcus' or Tech Power's account(s) that received funds as a result of the conduct alleged in the complaint.

## II. INJUNCTION

8. Pending further order of the Court, Defendants Marcus and Tech Power are restrained and enjoined from: (i) entering into transactions that are pre-arranged, fictitious sales, and/or wash sales involving the purchase or sale of commodities for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012); and (ii) entering into illegal non-competitive transactions to buy and sell futures contracts, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014).

9. Pending further order of the Court, Defendants Marcus and Tech Power are restrained and enjoined from:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

B. entering into any transactions involving commodity interests (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)), for their own personal account or for any account in which they have a direct or indirect interest;

C. having any commodity interests traded on their behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except

as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## III. ASSET FREEZE

10. Pending further Order of this Court, Defendants Marcus and Tech Power and their agents, servants, employees, assigns, attorneys, and person in active concert or participation with them, including any successor thereof, and persons in active concert or participation with them, who receive actual notice of this Consent Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from, directly or indirectly, transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets in the Trading and Associated Accounts, wherever located, including any such assets held outside the United States.

11. Pending further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of assets in the Trading and Associated Accounts, or has held, controlled, or maintained custody of any such Account or assets of Defendants Marcus and Tech Power, and who receives notice of this Consent Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. Prohibit Defendants Marcus and Tech Power and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court; provided, however, that any compliance official of

any futures commission merchant at which Defendants Marcus and/or Tech Power maintain accounts shall have the authority and discretion to liquidate or close out any and all open commodity futures contracts or open commodity futures options positions in their accounts in a prompt and orderly fashion; and

B. Provide counsel for the Commission within 5 (five) business days of the date of this Order, a statement setting forth:

(1) the identification number of each account or asset titled in the name, individually or jointly, of Defendants Marcus and/or Tech Power, or held on their behalf, or for their benefit, or under their control; and

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Consent Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

C. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, trading records, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

D. Cooperate with all reasonable requests of the Commission relating to implementation of this Consent Order.

## IV. ACCOUNTING

12. Defendants Marcus and Tech Power shall prepare, sign, and file with the Court, within 15 days of the date of this Consent Order, a complete and accurate accounting of all of their assets and liabilities.

13. Defendants Marcus and Tech Power shall, within 15 days of the date of this Consent Order, identify to the Commission (i) all accounts that received funds as a result of the conduct alleged in the Complaint and specify the amounts deposited into those accounts and (ii) all transactions, transfers, deposits or withdrawals involving accounts owned or controlled Briner or MetroWest.

14. Defendants Marcus and Tech Power shall, within 15 days of the date of this Consent Order, identify to the Commission and provide an accounting for all assets and property that they currently maintain outside the United States, including, but not limited to, all funds on deposit in any financial institution, FCM, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Defendants Marcus and Tech Power, whether jointly or otherwise.

15. Defendants Marcus and Tech Power shall, within 15 days of the date of this Consent Order, prepare or cause to be prepared and delivered to the CFTC a detailed and complete accounting, list or schedule of all computers and/or electronic devices owned and/or used by them. The list or schedule(s) required by this Order shall include, at a minimum, the make, model, location and a description of each computer or device, including the IP address and media access control address ("MAC address"), along with the name of the person(s) primarily assigned to use the computer or device. The Court will consider proposed protective orders

related to the preservation and review of all relevant discoverable data preserved pursuant to this Consent Order.

16. Defendants Marcus and Tech Power shall produce to the Commission, within 15 days of the date of this Consent Order, all books, records, and other documents supporting or underlying the accountings referenced in Paragraph 13 of this Consent Order.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

17. Defendants Marcus and Tech Power and all persons or entities who receive notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendants Marcus and Tech Power.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

18. Defendants Marcus and Tech Power must allow representatives of the CFTC to inspect the books, records, and other documents of Defendants Marcus and Tech Power and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendants Marcus and/or Tech Power or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## VII. SERVICE

19. Copies of this Consent Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague

Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants Marcus and Tech Power or that may be subject to any provision of this Consent Order.

## VIII. BOND NOT REQUIRED OF PLAINTIFF

20. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the CFTC, which is an agency of the United States of America.

## IX. SERVICE ON THE COMMISSION

21. Defendants Marcus and Tech Power shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Lindsey Evans or Diane Romaniuk, Senior Trial Attorneys, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago IL 60661 and/or by filing such pleadings or other materials electronically with the Court.

## X. STATUTORY RESTRAINING ORDER SUPERSEDED

22. This Consent Order supersedes the Statutory Restraining Order entered by the Court on April 16, 2015. (Docket No. 15).

## XI. COURT MAINTAINS JURISDICTION

23. This Consent Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

24. Nothing herein shall be deemed to prohibit the Defendants from seeking modification of the terms of this Order.

25. The entry of this Consent Order shall not be deemed or construed as an admission of any matter alleged in the Complaint or any subsequent amended complaint herein or as a waiver or estoppel against the Defendants of any defense to any matter alleged in the Complaint herein or any subsequent amended complaint herein.

**IT IS SO ORDERED.**

DONE, this 7th day of May, 2015.

Milton I. Shadur

**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

Lindsey Evans

Dated: May 5, 2015

Lindsey Evans
Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0643
Levans@cftc.gov

Dated: 5/5/15

Matthew J. Marcus

Tech Power Inc.

By:

Dated: 5/5/15

Matthew J. Marcus
President