**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW J. MARCUS,**<br>**TECH POWER INC.,**<br>**JOHN D. BRINER, and**<br>**METROWEST LAW CORP.,**<br><br>**Defendants.** | **Civil Action No: 15-cv-03307**<br><br>**Judge Milton I. Shadur** |

**CONSENT ORDER FOR PRELIMINARY INJUNCTION**
**AGAINST JOHN D. BRINER**

On April 14, 2015, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Doc. 1) against Defendants Matthew J. Marcus ("Marcus"), John D. Briner ("Briner"), MetroWest Law Corporation ("MetroWest") and Tech Power Inc. ("Tech Power") seeking injunctive and other equitable relief for violations of Section 4c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 6c(a) (2012), and Commission Regulation ("Regulation") 1.38(a), 17 C.F.R. § 1.38(a) (2014). On April 16, 2015, this Court entered an *Ex Parte* Statutory Restraining Order against all Defendants. (Doc. 15). On April 28, 2015, the Court extended the Statutory Restraining Order to May 12, 2015. (Doc. 21).

Based on the representations Mr. Briner made to the Commission in the declaration dated May 6, 2015, those representations being incorporated herein and attached hereto, the parties have agreed to enter into this Consent Order.

Defendant Briner, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction ("Consent Order"), except as to jurisdiction and venue, which he admits, hereby consents to the entry of this Consent Order. Briner further states that his consent is entered into voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent, or representative thereof to induce him to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS:**

1. This Court has jurisdiction over Defendant Briner and the subject matter of this action pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes this Court to enter a temporary injunction against Defendant Briner.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e).

3. Defendant Briner waives the entry of findings of facts and conclusions of law for purposes of this Consent Order pursuant to Federal Rule of Civil Procedure 52(a)(2).

## I. DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

4. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts

(including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

5. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, meta data, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in your actual or constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

6. "Defendant" refers to Defendant Briner, and all persons insofar as they are acting in the capacity of Defendant's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

7. "Trading and Associated Accounts" refers to a futures trading account held at Interactive Brokers, account number XXXX7543 in the name of MetroWest Law Corporation, as well as any other account(s) that received funds as a result of the unlawful conduct.

## II. INJUNCTION

8. Pending further order of the Court, Defendant Briner is restrained and enjoined from: i) entering into transactions that are pre-arranged, fictitious sales, and/or wash sales involving the purchase or sale of commodities for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012); and ii) entering into illegal non-competitive transactions to buy and sell futures contracts, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014).

9. Pending further order of the Court, Defendant Briner is restrained and enjoined from:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

B. entering into any transactions involving commodity interests (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014)), for his own personal account or for any account in which he has a direct or indirect interest;

C. having any commodity interests traded on his behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## III. <u>ASSET FREEZE</u>

10. Pending further Order of this Court, Defendant Briner and his agents, servants, employees, assigns, attorneys, and any person in active concert or participation with him, including any successor thereof, and any person in active concert or participation with them, who receive actual notice of this Consent Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from, directly or indirectly, transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets in the Trading and Associated Accounts, wherever located, including any assets held outside the United States.

11. Pending further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of assets in the Trading and Associated Accounts, or has held, controlled, or maintained custody of any such account, and who receives notice of this Consent Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. Prohibit Defendant Briner and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court; and

B. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, trading records, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

C. Cooperate with all reasonable requests of the Commission relating to implementation of this Consent Order.

## IV. ACCOUNTING

12. Defendant Briner shall, within 15 days of the date of this Consent Order, identify to the Commission (i) all accounts that received funds as a result of the conduct alleged in the Complaint and specify the amounts deposited into those accounts and (ii) all transactions, transfers, deposits or withdrawals involving accounts owned or controlled by Marcus or Tech Power.

13. Defendant Briner shall within 15 days of the date of this Consent Order prepare or cause to be prepared and delivered to the CFTC a detailed and complete accounting, list or schedule of all computers and/or electronic devices owned and/or used by him. The list or schedule(s) required by this Order shall include, at a minimum, the make, model, location and a description of each computer or device, including the IP address and media access control

address ("MAC address"), along with the name of the person(s) primarily assigned to use the computer or device. In order to preserve the data for future discovery, the CFTC is authorized to make a copy of all relevant data contained on Defendants Briner's computers or electronic devices. The Court will consider proposed protective orders related to the preservation and review of all relevant discoverable data preserved pursuant to this Consent Order.

14. Defendant Briner shall produce to the Commission, within 15 days of the date of this Consent Order, all books, records, and other documents supporting or underlying the accounting referenced in Paragraph 13 of this Consent Order.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

15. Defendants Briner and all persons or entities who receive notice of this Consent Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to this matter or the individuals or entities involved in this matter.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

16. Defendant Briner must allow representatives of the CFTC to inspect the books, records, and other documents of Defendant Briner and his agents that are relevant to any claim or defense in this action including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant Briner or others, and to copy said books, records, and other documents, at a mutually agreeable time and place.

## VII. SERVICE

17. Copies of this Consent Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants Briner or that may be subject to any provision of this Consent Order.

## VIII. BOND NOT REQUIRED OF PLAINTIFF

18. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the CFTC, which is an agency of the United States of America.

## IX. SERVICE ON THE COMMISSION

19. Defendant Briner shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Lindsey Evans or Diane Romaniuk, Senior Trial Attorneys, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago IL 60661 and/or by filing such pleadings or other materials electronically with the Court.

## X. STATUTORY RESTRAINING ORDER SUPERSEDED

20. This Consent Order supersedes the Statutory Restraining Order entered by the Court on April 16, 2015. (Docket No. 15).

## XI. COURT MAINTAINS JURISDICTION

21. This Consent Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

DONE, this 7th day of May, 2015.

Milton I. Shadur
**UNITED STATES DISTRICT JUDGE**

**CONSENTED TO AND APPROVED BY:**

Dated: 5/7/15

Lindsey Evans
Senior Trial Attorney
Commodity Futures Trading Commission
525 West Monroe Street, Suite 1100
Chicago, IL 60661
(312) 596-0643
Levans@cftc.gov

Dated: May 6/15

John D. Briner

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF *ILLINOIS***
***EASTERN* DIVISION**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW J. MARCUS, TECH POWER INC., JOHN D. BRINER, and METROWEST LAW CORP.,**<br><br>**Defendants.** | **Civil Action No. 15-cv-03307**<br><br>**Judge Milton I. Shadur** |

**DECLARATION OF JOHN D. BRINER**

Pursuant to 28 U.S.C. § 1746, I, John D. Briner, state as follows:

1. The MetroWest trading account involved in this matter ("MetroWest 7543") exclusively contained client funds and did not contain any of my personal funds at any time.

2. The account titled "MetroWest Law Corporation Trust A" and held at Citizen's Bank of Canada exclusively contained client funds and did not contain any of my personal funds at any time.

3. I do not currently have any documents[1] (paper, electronic or otherwise) relating to MetroWest 7543 or MetroWest Law Corporation Trust A and am therefore unable in any way to provide such documents to the CFTC.

4. I have no objection to the Law Society of British Columbia releasing, providing or producing any documents to the CFTC.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON MAY 6, 2015.

John D. Briner

[1] The term "document" is defined in the Consent Order I entered into with the CFTC on May 6, 2015 and that definition is incorporated herein.