**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **U. S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW J. MARCUS,**<br>**TECH POWER INC.,**<br>**JOHN D. BRINER, and**<br>**METROWEST LAW CORP.,**<br><br>**Defendants.** | **Civil Action No: 15-cv-03307**<br><br>**Judge Milton I. Shadur** |

# ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST METROWEST LAW CORP.

On April 14, 2015, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties Under the Commodity Exchange Act ("Complaint") (Doc. 1) against Defendants Matthew J. Marcus ("Marcus"), John D. Briner ("Briner"), MetroWest Law Corporation ("MetroWest") and Tech Power Inc. ("Tech Power") seeking injunctive and other equitable relief for violations of Section 4c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 6c(a) (2012), and Commission Regulation ("Regulation") 1.38(a), 17 C.F.R. § 1.38(a) (2014).

On April 16, 2015, this Court entered an *Ex Parte* Statutory Restraining Order against all Defendants and on April 28, 2015, this Court extended the statutory restraining order to May 12, 2015. (Docs. 15, 21). This matter comes before the Court on the Motion for Preliminary Injunction filed by Plaintiff CFTC (Doc. 5).

Service was properly effected upon Defendant MetroWest on April 22, 2015, pursuant to Fed. R. Civ. P. 4(e)(2)(C), by delivering a copy of the summons, complaint, and related pleadings to Mr. Martin Ward, a compliance officer at Interactive Brokers LLC, who is authorized by law to receive service of process for Defendant MetroWest, under Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), and Commission Regulation 15.05, 17 C.F.R. § 15.05 (2014). (Doc. 17). Service was also effected on MetroWest on April 22, 2015, pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f)(2)(A), by delivering a copy of the summons, complaint and related pleadings to the British Columbia Law Society ("BCLS"), which was appointed custodian of MetroWest Law Corporation, by the Supreme Court of British Columbia on October 16, 2013. (Doc. 20).

This Court, having considered the evidence in the CFTC's pleadings, memoranda, declaration and other exhibits filed and made in support of the CFTC's Motion finds:

**THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Defendant MetroWest pursuant to Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Defendant MetroWest transacted business in this district, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur in this district.

3. There is good cause to believe that Defendant MetroWest engaged in and is likely to engage in acts and practices that violate Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012), and

Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014). Furthermore, there is a reasonable likelihood that the CFTC will prevail on the merits of this action.[1]

4. Beginning on January 28, 2014 and continuing through February 5, 2014 (the "relevant period"), Defendants Marcus and Briner engaged in a series of 624 round-turn trades involving 1,248 perfectly matched, pre-arranged, non-competitive transactions in single stock futures contracts listed on OneChicago LLC ("One Chicago") to move at least $390,000 from Defendant MetroWest to Defendant Tech Power. By structuring the transactions such that Tech Power would buy at lower prices and sell at higher prices opposite MetroWest, Defendants were able to ensure that Tech Power would always profit from the transactions, enabling the Defendants to conduct a "money pass" between the two accounts. By virtue of this conduct, Defendant MetroWest entered into transactions that are pre-arranged, fictitious sales, and/or wash sales involving the purchase or sale of commodities for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012) and entered into illegal non-competitive transactions to buy and sell futures contracts, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014).

5. There is good cause for granting a preliminary injunction against MetroWest to prevent the dissipation of assets, avoid the destruction of documents and restrain Defendant MetroWest from engaging in illegal transactions and prevent further violations of the Act.

6. For purposes of this Order, the Findings of Fact set forth in Paragraphs 1 through 5 above are not binding on any other defendant.

---

[1] Although the BCLS was appointed custodian of MetroWest on October 16, 2013, the BCLS has not filed any response to the Commission's Motion for Preliminary Injunction, therefore, it is not clear whether the custodianship extends to the conduct alleged in the Complaint or only extends to MetroWest's legal activities. Therefore, in an abundance of caution, the Court enters this Preliminary Injunction against MetroWest to enjoin any agent, who may be acting on its behalf.

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

7. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

8. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, meta data, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in your actual or

constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

9. "Defendant" refers to Defendant MetroWest, and all persons insofar as they are acting in the capacity of Defendant's agents, servants, successors, employees, assigns, and attorneys, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express.

10. "Trading and Associated Accounts" refers to a futures trading account held at Interactive Brokers, account number XXXX7543 in the name of MetroWest Law Corporation, as well as any other account(s) that received funds as a result of the unlawful conduct.

## II. INJUNCTION

**IT IS THEREFORE ORDERED THAT**:

11. Defendant MetroWest and its officers, agents, servants, employees, or attorneys are restrained and enjoined from: i) entering into transactions that are pre-arranged, fictitious sales, and/or wash sales involving the purchase or sale of commodities for future delivery, in violation of Section 4c(a) of the Act, 7 U.S.C. § 6c(a) (2012); and ii) entering into illegal non-competitive transactions to buy and sell futures contracts, in violation of Regulation 1.38(a), 17 C.F.R. § 1.38(a) (2014).

12. Defendant MetroWest and its officers, agents, servants, employees, or attorneys are further restrained, enjoined and prohibited, until further order of this Court from directly or indirectly:

A. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a (40) (2012);

B. entering into any transactions involving commodity interests (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3 (yy) (2014)), for its own personal account or for any account in which it has a direct or indirect interest;

C. having any commodity interests traded on its behalf;

D. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and

G. acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## III. <u>ASSET FREEZE</u>

13. Pending further Order of this Court, Defendant MetroWest and its agents, servants, employees, assigns, attorneys, and person in active concert or participation with it, including any successor thereof, and persons in active concert or participation with it, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from, directly or indirectly, transferring,

selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets in the Trading and Associated Accounts, wherever located, including any assets held outside the United States.

14. Pending further Order of this Court, any bank, financial or brokerage institution, entity, or person that holds, controls, or maintains custody of assets in the Trading and Associated Accounts, or has held, controlled, or maintained custody of any such account or asset of Defendant MetroWest, and who receives notice of this Order by any means, including facsimile, electronic mail, United Parcel Service, or Federal Express, shall:

A. Prohibit Defendant MetroWest and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset, except as directed by further order of the Court; provided, however, that any compliance official of any futures commission merchant at which Defendant MetroWest maintains accounts shall have the authority and discretion to liquidate or close out any and all open commodity futures contracts or open commodity futures options positions in such accounts in a prompt and orderly fashion; and

B. Provide counsel for the Commission within 5 (five) business days of receiving a copy of this Order, a statement setting forth:

(1) the identification number of each account or asset titled in the name, individually or jointly, of Defendant MetroWest, or held on its behalf, or for its benefit, or under its control; and

(2) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served,

and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, the name of the person or entity to whom such account or other asset was remitted; and

C. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, trading records, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

D. Cooperate with all reasonable requests of the Commission relating to implementation of this Order.

## IV. ACCOUNTING

15. Defendant MetroWest shall prepare, sign, and file with the Court, within 15 days of the date of this Order, a complete and accurate accounting of all of its assets and liabilities.

16. Defendant MetroWest shall, within 15 days of the date of this Order, identify to the Commission all accounts that received funds as a result of the unlawful conduct and specify the amounts deposited into those accounts.

17. Defendant MetroWest shall immediately identify to the Commission and provide an accounting for all assets and property that it currently maintains outside the United States, including, but not limited to, all funds on deposit in any financial institution, FCM, bank, or savings and loan account held by, under the actual or constructive control of, or in the name of Defendant MetroWest, whether jointly or otherwise.

18. Defendant MetroWest shall within 15 days of the date of this Order prepare or cause to be prepared and delivered to the CFTC a detailed and complete accounting, list or schedule of all computers and/or electronic devices owned and/or used by it. The list or schedule(s) required by this Order shall include, at a minimum, the make, model, location and a description of each computer or device, including the IP address and media access control address ("MAC address"), along with the name of the person(s) primarily assigned to use the computer or device. In order to preserve the data for future discovery, the CFTC is authorized to make a copy of all relevant data contained on Defendant MetroWest's computers or electronic devices. The Court will consider proposed protective orders related to the preservation and review of all relevant discoverable data preserved pursuant to this Order.

19. Defendant MetroWest shall produce to the Commission, within 15 days of the date of this Order, all books, records, and other documents supporting or underlying the accountings referenced in Paragraphs 15-19 of this Order.

## V. PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS

20. Defendant MetroWest and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service, or Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or finances, of Defendant MetroWest.

## VI. ACCESS TO AND INSPECTION OF BOOKS AND RECORDS

21. Defendant MetroWest must immediately allow representatives of the CFTC to inspect the books, records, and other documents of Defendant MetroWest and its agents

including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant MetroWest or others, and to copy said books, records, and other documents, either on or off the premises where they may be situated.

## VII. SERVICE

22. Copies of this Order may be served by any means, including personal service, United Parcel Service, Federal Express, or other commercial overnight service, email, facsimile, Rule 5 of the Federal Rules of Civil Procedure, or Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant MetroWest or that may be subject to any provision of this Order.

## VIII. BOND NOT REQUIRED OF PLAINTIFF

23. Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond need be posted by the CFTC, which is an agency of the United States of America.

## IX. SERVICE ON THE COMMISSION

24. Defendant MetroWest shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Lindsey Evans or Diane Romaniuk, Senior Trial Attorneys, Division of Enforcement, U.S. Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago IL 60661 and/or by filing such pleadings or other materials electronically with the Court.

## X. STATUTORY RESTRAINING ORDER SUPERSEDED

25. This Consent Order supersedes the Statutory Restraining Order entered by the Court on April 16, 2015. (Docket No. 15).

## XI. COURT MAINTAINS JURISDICTION

26. This Order shall remain in full force and effect until further order of this Court upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**.

DONE, this 7th day of May, 2015.

Milton I. Shadur

Milton I. Shadur
UNITED STATES DISTRICT JUDGE