IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. COMMODITY FUTURES )
TRADING COMMISSION, )
                                                    )
              Plaintiff, )
                                                    )
    v.                              )    Case No. 15 C 3307
                                                    )
MATTHEW J. MARCUS, et al., )
                                                    )
              Defendants. )

## MEMORANDUM OPINION AND ORDER

John Briner ("Briner") and MetroWest Law Corp. ("MetroWest"), two of the four defendants in this action brought by the U.S. Commodity Futures Trading Commission ("CFTC"), have just reacted to the pending motion for their default that had been brought by CFTC -- they have filed individual Answers to CFTC's Complaint. For the reasons stated in this memorandum opinion and order, both of those responsive pleadings are stricken (albeit with leave granted to plead over) because of their extraordinarily problematic nature.

To begin with a comparatively minor digression, Briner is a lawyer[1] and, as such, has to know that whenever more than one party to a lawsuit is represented by the same lawyer, common courtesy normally calls for the filing of a single answer. In that way the reader is spared the need to flip back and forth between multiple pleadings to learn the respects in which the jointly represented parties are on the same page and the respects, if any, where they part company (that is of course one of the principal purposes of the notice pleading regime that

---

[1] Although he unaccountably hedges in that respect (more of this later), Briner has obviously prepared (and he has signed) MetroWest's Answer -- an action that can be taken only by a lawyer, because a corporation cannot act pro se in litigation matters.

underlies federal pleading). Accordingly Briner and MetroWest will be expected to conform to that practice if, as and when they replead.

To turn to substantive matters, each pleading follows a repeated pattern: Many of the Complaint's allegations are met with a denial "as it relates to [the pleader]," and virtually every paragraph of the Complaint is responded to with this impermissible distortion of a Fed. R. Civ. P. ("Rule") 8(b)(5) disclaimer:

> Respondent lacks sufficient information to neither [sic] admit nor [sic] deny the allegations of this paragraph.

As for the former locution, this Court will not seek to parse the pleading to determine whether that assertion complies with the objective and subjective good faith demanded by Rule 11(b) -- that chore will be left to CFTC. But the bastardized form of disclaimer quoted in this paragraph requires some further discussion.

For one thing, it is an obvious and totally unacceptable violation of Rule 11(b) for Briner to voice any such disclaimer as he does with respect to this Complaint ¶ 10:

> Defendant John D. Briner ("Briner") is an attorney residing in Vancouver, Canada. Briner has never been registered with the Commission in any capacity. Briner owns 100% of Metro West Law Corporation and is its principal.

And in the same way, for example, it is equally unacceptable for Briner to have advanced a like disclaimer on MetroWest's part in response to Complaint ¶ 11:

> Defendant Metro West Law Corporation ("Metro West") is a Canadian law firm located in Vancouver, Canada. It has never been registered with the Commission in any capacity. In October 2013 Metro West was placed into custodianship by the Law Society of British Columbia, which thereby assumed responsibility for Metro West's law practice; however, Briner retained control over a Metro West trading account -- account number XXXX7543.

Although those are likely the most obvious and egregious pleading violations stemming from Briner's repeated usage employed in the two Answers, the obvious need for total do-overs

of the current Answers spares this Court the burden of reciting chapter and verse in that respect. Instead this opinion's principal focus on that usage is to call Briner's attention to his obvious omission of the concept of "belief" -- an essential ingredient that a proper invocation of Rule 8(b)(5) must invoke. It should hardly be necessary to make the point that for a party to disclaim enough information to support a <u>belief</u> erects a much higher hurdle for a good faith pleader to surmount than the unsatisfactory usage that Briner has employed for himself and for MetroWest.

In summary, both of the current Answers are stricken.[2] Briner and MetroWest are granted leave to file a suitable self-contained Amended Answer on or before June 24, 2015, failing which it would appear appropriate for this Court to consider CFTC's earlier-filed motion for default.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 10, 2015

---

[2] Because this sua sponte opinion spares CFTC the need to shoot at the now-stricken pleadings, it is unlikely to have sustained any resulting damages. This Court reserves judgment for the present as to whether it should impose sanctions pursuant to Rule 11(c)(1).