IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. COMMODITY FUTURES )
TRADING COMMISSION, )
  )
         Plaintiff, )
  )
    v. ) Case No. 15 C 3307
  )
MATTHEW J. MARCUS, et al., )
  )
         Defendants. )

## MEMORANDUM ORDER

Defendants John Briner ("Briner") and MetroWest Law Corp. ("MetroWest") have continued their course of conduct in this action brought against them and two codefendants by the U.S. Commodity Futures Trading Commission ("CFTC") -- conduct that this Court referred to in its brief July 9, 2015 memorandum order ("Order") as "really appalling" -- by tendering a current filing that makes that characterization a major understatement.[1] Briner and MetroWest, now represented by Adam Tracy of Securities Compliance Group, Ltd., have now come up with a Motion To Vacate Default Order ("Motion," Dkt. No. 46) that is totally without merit, and this further memorandum order points to the patent insufficiencies of that current filing.

As the Motion stated (in perhaps its only accurate statement), the Order followed its grant of default against both Briner and MetroWest with this mandate:

---

[1] Although the Order and the earlier June 10, 2015 memorandum opinion and order ("Opinion") are available for reference on the court docket, both are brief enough so that it makes good sense to attach copies of them to this memorandum order to make it self-contained.

> In addition, pursuant to Rule 11(c)(3) Briner is ordered to show cause by an
> appropriate filing on or before July 23, 2015 as to why his conduct referred to in
> the Opinion and in this memorandum order has not violated Rule 11(b).

Instead of complying with that unambiguous order, all that Briner and MetroWest have done is to engage attorney Tracy as their attorney on July 22 (just one day before the due date of their show-cause response), and Tracy has in turn done nothing other than to file the Motion without saying a word that would support any such relief. Indeed, attorney Tracy compounds that deficiency by setting a proposed presentment date more than a month out -- on August 31 -- thus flouting the express requirement of this District Court's LR 5.3(b) and its related LR 78.1.

In sum, the combination of substantive and procedural deficiencies in the Motion call for its outright denial, and this Court so orders. Moreover, the continued court-contemptuous conduct on the part of Briner and MetroWest, which has unfortunately been assisted rather than tempered by attorney Tracy's entry onto the scene, has converted from a possibility to an actuality what was described in the Order as "imposing as sanctions both an award to CFTC for its 'reasonable expenses, including attorney's fees, incurred for the motion' (Rule 11(c)(2)) and a fine payable into court (Rule 11(c)(4))." This Court will welcome input from CFTC's counsel in that respect so that those sanctions can be quantified.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: July 27, 2015