IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15 C 3307 |
| MATTHEW J. MARCUS, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court's brief July 27, 2015 memorandum order ("Order") identified more than one ground for rejecting the Motion To Vacate Default Order ("Motion," Dkt. No. 46) that had been filed by defaulted defendants John D. Briner ("Briner") and MetroWest Law Corporation ("MetroWest"). Included among those grounds was the apparent failure of newly-engaged attorney Adam Tracy to respond to this Court's earlier show-cause order, even by tendering a proposed responsive pleading together with the Motion.

But in that last respect, attorney Tracy has now delivered to this Court's chambers a proposed Amended Answer and Affirmative Defenses ("ADs") that he had submitted as an Exhibit A to the Motion, although that Exhibit A had not previously been presented to this Court. Even though this Court's July 27 denial of the Motion still stands because Briner and MetroWest have not yet made any effort to respond to the plain mandate of the show-cause order,[1] a few of the defects in the proposed pleading ought to be pointed out to attorney Tracy so that they would

---

[1] This Court's denial of the Motion also carries with it the denial of the Briner-MetroWest motion for leave to file the proposed pleading referred to in this paragraph of the text. That denial, however, is without prejudice to its possible reassertion if their show-cause response were to justify it.

not be repeated if he were to prove successful in rescuing his defaulted clients through some future showing.

To begin with, attorney Tracy has joined the coterie of lawyers who somehow view themselves as superior to the drafters of Fed. R. Civ. P. ("Rule") 8(b)(5) in devising an appropriate form of disclaimer when their clients cannot comply with the directive called Rule 8(b)(1)(B) as to some allegation by a plaintiff. Almost invariably (and this is true of attorney Tracy) such lawyers omit the critical disclaimer of "belief," which by definition makes a good faith disclaimer of the plaintiff's allegation a higher hurdle to surmount (see Answer ¶¶ 22-25, 35, 37, 43 and 45).

And like too many lawyers who commit that error, attorney Tracy has also followed each of his flawed disclaimers with the statement "and therefore deny the same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language would have to be omitted from each of those paragraphs of the Answer.

As for the ADs, uniform caselaw requires that they may be invoked only (1) by accepting the well-pleaded allegations of a complaint, together with reasonable inferences, as true and (2) by then asserting some ground on which the pleading defendant is not liable to the plaintiff, or perhaps is liable for less than the plaintiff claims -- see App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). On that score most if not all of the ADs drafted by attorney Tracy do not meet that standard.[2] If defendants Briner and MetroWest were

---

[2] Although no inference should be drawn from this memorandum order's singling out of one of the ADs as particularly flawed, AD 5 seems to make no sense at all.

somehow to succeed in extricating themselves from their present default status, attorney Tracy would have to comply with the teaching of the uniform caselaw on the subject.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date: July 29, 2015